UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00418-GNS

DANIA CECILIA CARDENAS MARTINEZ                              PETITIONER

v.

JASON WOOSLEY, Grayson County Jailer;
TODD BLANCHE, Acting Attorney General
of the United States;
SAMUEL J. OLSON, Chicago Field Office Director
Immigration and Customs Enforcement and
Removal Operations ("ICE/ERO");
TODD LYONS, Acting Director of
Immigration Customs Enforcement ("ICE")
U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the
Department of Homeland Security ("DHS"); and
U.S. DEPARTMENT OF HOMELAND SECURITY                        RESPONDENTS

## <u>ORDER</u>

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

In May 2024, Petitioner Dania Cecilia Cardenas Martinez ("Cardenas Martinez"), a native and citizen of Mexico, entered the United States, was arrested, issued a Notice to Appear, and released on her own recognizance. (Pet. ¶1 1, DN 1; Resp't's Resp. Show Cause Order Ex. 1, at 2-4, DN 11-1; Resp'ts' Resp. Show Cause Order Ex. 2, at 3, DN 11-2).  In 2025, her application for employment authorization was approved.  (Resp'ts' Resp. Show Cause Order Ex. 2, at 3).

On May 17, 2026, Cardenas Martinez was arrested by law enforcement in Indiana for misdemeanor violations of operating a motion vehicle while intoxicated and operating a motor vehicle without ever receiving a license.  (Resp'ts' Resp. Show Cause Order Ex. 2, at 3).  After

1

posting bond, she was taken into Immigration and Customs Enforcement ("ICE") custody on May 23, 2026, pursuant to a Warrant for Arrest of Alien, and her Order of Release of Recognizance was cancelled.  (Resp'ts' Resp. Show Cause Order Ex. 2, at 3; Resp't's Resp. Show Cause Order Ex. 3, at 2, DN 11-3).  She is currently detained at the Grayson County Detention Center.  (Pet. ¶ 11).

Cardenas Martinez filed the Petition for Writ of Habeas Corpus against Respondents: Jason Woosley, Grayson County Jailer; Todd Blanche, Acting Attorney General of the United States; Samuel J. Olson, Field Office Director of the Chicago Field Office of ICE; Todd M. Lyons, Acting Director of ICE; Markwayne Mullin, Secretary of the Department of Homeland Security; and the U.S. Department of Homeland Security.  (Pet. ¶¶ 12-17).  In the Petition, she challenges her continued detention and alleges violations of the Immigration and Nationality Act, and her due process rights under the Fifth Amendment.  (Pet. ¶¶ 42-46).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).  In seeking habeas relief, Cardenas Martinez bears the burden of proving by a preponderance of the evidence that her detention is unlawful.  *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

On May 11, 2026, the Sixth Circuit decided *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), holding:

> We [] find that an "applicant for admission" is not necessarily "seeking admission."  Because no Petitioner is alleged to be seeking admission or lawful

entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them. And since "§ 1226 applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings," Petitioners could have been detained pursuant to only § 1226.

*Id.* at 732 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)). Therefore, Section 1226(a) applies to Cardenas Martinez.

The record, however, does not reflect that Cardenas Martinez has exhausted her administrative remedies even though her arrest and detention occurred after *Lopez-Campos*, and Respondents concede that 8 U.S.C. § 1226(a) applies to her. The Sixth Circuit has not yet decided "whether courts should impose administrative exhaustion in the context of a noncitizen's habeas petition for unlawful mandatory detention." *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (citing *Hernandez Torrealba v. U.S. Dep't of Homeland Sec.*, No. 1:25-CV-1621, 2025 WL 2444114, at *8 (N.D. Ohio Aug. 25, 2025)). Likewise, "[t]he Sixth Circuit has not formally adopted a standard for determining when prudential exhaustion applies." *Lopez-Campos v. Raycraft*, 797 F. Supp. 771, 778 (E.D. Mich. 2025). However, to determine whether prudential exhaustion should be required, courts within this circuit "have applied the three-factor test, set forth in *United States v. California Care Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983) (derived from *McGee v. United States*, 402 U.S. 479, 484 (1971); *McKart v. United States*, 395 U.S. 185, 193-95 (1969))." *Id.* Prudential exhaustion may be required when:

(1)     agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
(2)     relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
(3)     administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (citing *Shweika v. Dep't of Homeland Sec.*, No. 1:06-CV-11781, 2015 WL 6541689, at \*12 (E.D. Mich. Oct. 29, 2015)).

Since the decision in *Lopez-Campos*, Respondents have indicated their commitment to apply that law.  There is nothing to suggest that administrative review of the controlling legal question of whether Cardenas Martinez is entitled to bond would not result in an agency decision consistent with the law.  Therefore, exhaustion is not futile in this case, and Cardenas Martinez must exhaust her administrative remedies by seeking a custody redetermination hearing before an immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as that the Petition for Writ of Habeas Corpus (DN 1) is **DENIED WITHOUT PREJUDICE**.  The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
July 1, 2026

cc:      counsel of record

4